JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2028 PA (FFMx) | Date | March 29, 2013 |
|---|---|---|---|
| Title | Robin Bernhoft v. Reassure America Life Ins. Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Reassure America Life Insurance Company ("Defendant") on March 21, 2013. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Robin Berhoft ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332. Defendant alternatively alleges that this Court has jurisdiction based on the Court's federal question jurisdiction as a result of ERISA preemption. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2028 PA (FFMx) | Date | March 29, 2013 |
|---|---|---|---|
| Title | Robin Bernhoft v. Reassure America Life Ins. Co. | | |

The Notice of Removal alleges: "As alleged in the Complaint, Plaintiff is, and at all relevant times herein was, a resident of the State of California at the time of the filing of the Complaint. (Cmplt., ¶ 1.)" (Notice of Removal, ¶ 8.) The Complaint does not allege Plaintiff's citizenship and Defendant's allegations concerning Plaintiff's residence are insufficient to establish Plaintiff's citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

Here, Defendant contends that although Plaintiff's Complaint contains only state law claims for declaratory relief, breach of contract, breach of the covenant of good faith and fair dealing, and reformation, those claims are preempted by ERISA sections 502(a) and 514(a) because, "on information and belief, Reassure alleges that the Policy at issue in this case is part of employee welfare benefit plan established by Plaintiff's employer for the benefit of its employees and is therefore governed by ERISA." (Notice of Removal, ¶ 10.) According to Defendant, because Plaintiff's "claim for disability benefits under the Policy directly relates to an employee welfare benefit plan governed by ERISA, this action is one over which this Court has original jurisdiction . . . ." (Id.)

In Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941 (9th Cir. 2009), the Ninth Circuit explained the analysis that district courts should apply to Notices of Removal relying on ERISA preemption. According to the Ninth Circuit, under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004), a state-law cause of action is completely preempted if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2) there is no other independent legal duty that is implicated by the defendant's actions. In applying Davila, the Ninth Circuit found that the hospital's claims were not completely preempted by ERISA because they were based upon an alleged oral contract with the defendants, which gave rise to an independent legal duty to pay the disputed medical expenses, and prevented the claims from being brought under ERISA. Id. at 949-50.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-2028 PA (FFMx) | Date | March 29, 2013 |
|---|---|---|---|
| Title | Robin Bernhoft v. Reassure America Life Ins. Co. | | |

In concluding that complete ERISA preemption did not apply, the Ninth Circuit's opinion in Marin distinguished between ERISA § 502(a) complete preemption and conflict preemption under ERISA § 514(a), which preempts provisions of state law that "relate to" ERISA. Id. at 945. While complete preemption under § 502(a) creates federal subject matter jurisdiction, conflict preemption under § 514(a) is a defense that "does not confer federal question jurisdiction on a federal district court." Id. As the Ninth Circuit has explained complete preemption, "[i]f a complaint alleges only state-law claims, and if these claims are entirely encompassed by § 502(a), that complaint is converted from 'an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Id. (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

A review of Plaintiff's Complaint indicates that Plaintiff is alleging that he purchased the policy individually. The Complaint also attaches a copy of the subject policy, and there is no suggestion in the policy that it is a group policy or purchased by an employer. Instead, the policy lists Plaintiff as the only insured. The policy also makes no reference to ERISA. Nor has Defendant provided any basis for its conclusory allegation, on "information and belief," or any other evidence that the policy is in fact governed by ERISA. The Court therefore concludes that Defendant has not met its burden to establish that Plaintiff's claims are preempted by ERISA and that the Court possesses federal question jurisdiction over this action.

Accordingly, the Court concludes that Defendant's Notice of Removal has inadequately alleged that all of Plaintiff's claims are completely preempted by ERISA. Nor has Defendant met its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Ventura Superior Court, Case No. 56-2013-00431263-CU-IC-VTA. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.